HARDAWAY *v.* STATE.

5104                                    375 S. W. 2d 676

Opinion delivered February 24, 1964.

*Paul K. Roberts,* for appellant.

*Bruce Bennett,* Attorney General, By *John P. Gill,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Associate Justice. This is a motion by the appellee, State of Arkansas, to dismiss the misdemeanor appeals of the appellants for failure to file their appeals within sixty days from the date of rendition of judgment. The appeals were filed seventy-five days from the date of the judgment.

Appellee relies upon Ark. Stat. Ann. § 43-2732 (1947) [Crim. Code, § 340 (1869)] which reads:

"Misdemeanors—When appeal granted—Condition. —The appeal shall be prayed during the term at which the judgment was rendered, and shall be granted upon the condition that the record is lodged in the clerk's office of the Supreme Court within sixty [60] days after the judgment."

In resisting appellee's motion the appellants rely upon Act 158 of 1963 which reads:

"SECTION 1. Section 1 of Act 218 of the Acts of 1909 (Arkansas Statutes 43-2701) is hereby amended to read as follows: 'No appeals to the Supreme Court in a criminal case shall be granted, nor writs of error issued, except within sixty (60) days after rendition of

the judgment of conviction in the case' except that the trial judge with his discretion may by order entered prior to the expiration of said sixty (60) days extend the time for not to exceed an additional sixty (60) days."

Pursuant to the provisions of this Act the appellants were granted a sixty day extension and within this time filed their appeals.

In reviewing the history of these Acts we find that the time limitation for appeal in all criminal cases was unquestionably the same until the 1963 Act. Thus, until now, there was no occasion for the present question to arise. We deem it necessary to clarify it by an opinion.

The Criminal Code (1869) § 327 provided that in felony cases the time for lodging an appeal with the supreme court was limited to sixty days after the rendition of judgment. Section 340 of the Criminal Code provided that the time for filing the appeal in misdemeanor cases was also limited to sixty days.

The next legislative expression on this subject was Act 218 of 1909. Section 1 of this Act [Ark. Stat. Ann. § 43-2701] limited the time to sixty days for an appeal to the supreme court in a "criminal case". This section makes no distinction between felonies and misdemeanors. Section 2 of this Act [Ark. Stat. Ann. § 43-2703] refers to "all criminal cases, both felonies and misdemeanors," which indicates the clear intention of the Legislature to encompass both types of offenses in dealing with this subject. Section 3 repealed all laws and parts thereof in conflict with the Act.

In addition to the fact that Act 218 of 1909 refers to both misdemeanors and felonies as being criminal cases, we have held that 'crimes' and 'misdemeanors' are synonymous terms. In the early case of *Rector* v. *The State*, 6 Ark. 187, we said:

"* * * A crime or misdemeanor is defined to be 'an act committed, or omitted, in violation of a public law, either forbidding or commanding it.' This general definition comprehends both crimes and misdemeanors,

which properly speaking are mere synonymous terms, though in common usage, the word 'crimes' is made to denote such offenses as are of a deeper and more atrocious dye, while smaller faults, and omissions of less consequence, are comprised under the gentler name of misdemeanors only.''

See, also, Ark. Stat. Ann. § 41-101 (1947).

It follows, therefore, that Ark. Stat. Ann. § 43-2732 was supplanted by Act 218 of 1909 [Ark. Stat. Ann. § 43-2701] and that the amendatory Act 158 of 1963 [Ark. Stat. Ann. § 43-2701 (Supp. 1963)] now governs in all criminal cases, both felonies and misdemeanors, as to limitation of time in the filing of an appeal.

The motion to dismiss is denied.